UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NORTH CAROLINA

No. 5:18-cv-00029-H

| | |
|---|---|
| EGLĖ VAITKUVIENĖ, Individually and on Behalf of All Others Similarly Situated,<br><br>                       Plaintiff,<br><br>vs.<br><br>SYNEOS HEALTH, INC., ALISTAIR MACDONALD and GREGORY S. RUSH,<br><br>                       Defendants. | CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL PURSUANT TO 15 U.S.C. §78u-4(a)(3)(B) |

1360991_1

## I. INTRODUCTION

This case is a putative securities class action on behalf of purchasers of INC Research Holdings, Inc. (n/k/a Syneos Health, Inc.) ("INC" or the "Company") securities during the May 10, 2017 to November 9, 2017 Class Period against defendants for purported violations of the Securities Exchange Act of 1934 (the "1934 Act").[1] The Private Securities Litigation Reform Act of 1995 ("PSLRA"), which governs this action, provides that "[n]ot later than 90 days after the date on which a notice is published," the "court shall consider any motion made by a purported class member in response to the notice" and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

The Fire & Police Pension Funds respectfully submit that they are the presumptively most adequate plaintiff in this case because they have filed a timely Motion in response to a notice, have the largest financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Fire & Police Pension Funds' selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class is reasonable and should be approved. 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. FACTUAL BACKGROUND

INC is a contract research organization ("CRO") that provides various clinical development services for the biopharmaceutical and medical device industries in North America, Europe, the Middle East and Africa, the Asia-Pacific, and Latin America. The Company offers a range of

---

[1] A nearly identical case, *Bermudez v. INC Research Holdings, Inc.*, No. 1:17-cv-09457-PGG (the "*Bermudez* Action"), was also filed in the Southern District of New York. The San Antonio Fire & Police Pension Fund and the El Paso Firemen & Policemen's Pension Fund (collectively, the "Fire & Police Pension Funds") are also filing a motion in the *Bermudez* Action.

services focusing on Phase I to Phase IV clinical trials in central nervous system, oncology, and other complex therapeutic areas. Its services include clinical trial management services comprising patient recruitment and retention, project management, clinical monitoring, drug safety/pharmacovigilance, medical affairs, quality assurance, and regulatory and medical writing; and data services consisting of clinical data management, electronic data capture, and biostatistics. INC is headquartered in Raleigh, North Carolina. INC common stock traded on the NASDAQ under the ticker symbol INCR during the Class Period.

In May 2017, INC announced that it was acquiring inVentiv Health, Inc. ("inVentiv"), another large, though privately held, CRO that also provided contract commercial organization ("CCO") services to the pharmaceutical, biotechnology, and medical device industries. On August 1, 2017, the Company announced that it had completed a merger with inVentiv. That same day, the Company represented to investors that:

> The closing of this deal marks the beginning of an industry-changing new company, purpose-built to achieve the singular goal of accelerating biopharmaceutical performance. INC Research/inVentiv Health will address new market realities through shared clinical and commercial expertise, data and insights to meet the needs of biopharmaceutical companies of all sizes. This strategic combination enhances our ability to facilitate approvals and product launches in multiple markets worldwide, and the value we offer to employees, customers and our shareholders.

*Bermudez* Action, ECF No. 1, ¶3.

The complaint alleges that defendants made materially false and misleading statements or failed to disclose the following material information during the Class Period:

- Demand for the combined Company's CRO and CCO services was not as strong as defendants had indicated during the Class Period and inVentiv was underperforming;

- Continuing customer and regulatory delays were reducing net service revenue;

- The impact of cancellations at the end of 2016 and lower new drug approval activity during 2016 were decreasing revenues in the commercial division;

- INC had been reporting that backlog in an unduly opaque fashion that impaired investors' ability to calculate how much of the reported backlog was uncontracted or otherwise unlikely to result in revenue; and

- As a result of the foregoing, defendants' statements about INC's business, operations, and prospects, including the benefits to INC of the acquisition of inVentiv, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

Before the market opened on November 9, 2017, INC issued a press release announcing its third quarter 2017 financial results for the interim period ended September 30, 2017, its first quarter following the inVentiv acquisition. The Company reported a loss from operations of $88.9 million for third quarter 2017 and Generally Accepted Accounting Principles diluted loss of $148 million. Despite the fact that revenue grew in the same period from $259.6 million in third quarter 2016 to $592.2 million in third quarter 2017 due to the acquisition of inVentiv, INC blamed an offsetting "decline in revenues" on previously undisclosed "continued customer and regulatory delays" at inVentiv. INC also blamed a "decrease in revenue" in the combined commercial division in large part on "the impact of cancellations at the end of 2016," and "lower new drug approval activity during 2016." After releasing its third quarter 2017 results, INC hosted a conference call with investors, analysts and the media, during which defendant Alistair MacDonald disclosed the following "growth challenges":

> [O]ne, unprecedented levels of cancellations of drug programs by our customers in late 2016 and again during the third quarter of 2017; two, lower new drug approvals during 2016, which have negatively impacted 2017 revenue in particular; and three, the loss of a run rate of approximately $30 million of annual revenue beginning in mid-third quarter 2017 from our largest advertising customer as a result of across-the-board reductions in their outsourcing spend.

ECF No. 1, ¶23.

The Company also reported in its quarterly report on Form 10-Q filed with the U.S. Securities and Exchange Commission for third quarter 2017 that the changes to how backlog was

now being recorded had "resulted in a reduction to . . . backlog of approximately $284.5 million." As a result of this news, the price of INC common stock declined 28% to close at $41.15 per share on November 9, 2017. The Company's share price continued to fall over the next three trading sessions, closing on November 14, 2017 at $34.35 per share, a total decline of $23.15 per share, or 40.3%.

As a result of defendants' wrongful acts and omissions and the decline in INC's stock value, class members have suffered significant losses and damages.

### III. ARGUMENT

#### A. The Fire & Police Pension Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on December 1, 2017. *See* Declaration of L. Bruce McDaniel in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel Pursuant to 15 U.S.C. §78u-4(a)(3)(B) ("McDaniel Decl."), Ex. 1.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

- 4 -

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The Fire & Police Pension Funds meet these requirements and should be appointed Lead Plaintiff.

### 1. The Fire & Police Pension Funds' Motion Is Timely

The December 1, 2017, statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by January 30, 2018. *See* McDaniel Decl., Ex. 1.[2] Because the Fire & Police Pension Funds' Motion has been filed by the statutory deadline, the Fire & Police Pension Funds are eligible for appointment as lead plaintiff.

### 2. The Fire & Police Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications, the Fire & Police Pension Funds expended more than $903,000 purchasing 16,370 shares of INC stock during the Class Period at artificially inflated prices as high as $59.20 per share, and suffered harm of approximately $247,600 as the price of INC stock declined. *See* McDaniel Decl., Exs. 3, 4.[3] To the best of the Fire & Police Pension Funds' counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Fire & Police Pension Funds satisfy the PSLRA's prerequisite of having the largest financial interest.

---

[2] Plaintiff Vaitkuvienė's counsel issued a press release on January 25, 2018 informing investors that a case was filed in this Court and that the lead plaintiff deadline was also January 30, 2018. *See* McDaniel Decl., Ex. 2.

[3] The Fire & Police Pension Funds' loss is the same regardless of whether the first in, first out or last in, first out accounting method is used.

### 3. The Fire & Police Pension Funds Are Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "'A presumptive lead plaintiff need make only a prima facie showing that it can satisfy the typicality and adequacy requirements of Rule 23 to be appointed.'" *Hirtenstein v. Cempra, Inc.*, 2017 WL 2874588, at \*2 (M.D.N.C. July 5, 2017) (citation omitted).

"'The typicality requirement of the rule requires that a lead plaintiff suffer the same injuries as the class as a result of the defendant's conduct and has claims based on the same legal issues.'" *Id*. (citation omitted). Here, the Fire & Police Pension Funds purchased INC stock during the Class Period in reliance on defendants' allegedly materially false and misleading statements and omissions and suffered damages resulting from the artificially inflated price of INC stock.

"'Adequate representation requires a finding that the purported class representative and its attorney are capable of pursuing the litigation and that neither has a conflict of interest with other class members.'" *Id*. (citation omitted). The Fire & Police Pension Funds have executed a Certification and Joint Declaration confirming their willingness to serve as lead plaintiff. *See* McDaniel Decl., Exs. 3, 5. In addition, the Fire & Police Pension Funds' substantial loss provides the requisite interest to ensure vigorous advocacy. The Fire & Police Pension Funds have retained Robbins Geller as counsel, a law firm with vast experience prosecuting securities class actions. *See* McDaniel Decl., Ex. 6. Finally, the Fire & Police Pension Funds are not aware of any conflict of interest with the putative class members.

Because the Fire & Police Pension Funds filed a timely Motion, have a large financial interest in the relief sought by the class, and are typical and adequate of the putative class, the Court should adopt the presumption that they are the presumptive lead plaintiff.

**B.      The Court Should Approve the Fire & Police Pension Funds'
        Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Fire & Police Pension Funds have selected Robbins Geller to serve as lead counsel in this case.

Robbins Geller, a 200-attorney firm with offices nationwide and in this District, regularly practices complex securities litigation. *See* McDaniel Decl., Ex. 6. District courts throughout the country have recognized Robbins Geller's experience in litigating complex securities class actions and appointed Robbins Geller attorneys to lead roles in complex class action securities cases such as this. *See, e.g.*, *Hirtenstein*, 2017 WL 2874588, at *5 (approving movant's selection of Robbins Geller as lead counsel and finding Robbins Geller "experienced in the area of securities actions"). Indeed, Robbins Geller lawyers obtained the largest recovery ever in a securities class action in North Carolina and one of the five largest recoveries in the Fourth Circuit in *Nieman v. Duke Energy Corp.*, No. 12-cv-00456 (W.D.N.C.). *See* McDaniel Decl., Ex. 6. Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Fire & Police Pension Funds' selection of Robbins Geller as lead counsel is reasonable and should be approved.

## IV. CONCLUSION

The Fire & Police Pension Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, the Fire & Police Pension Funds respectfully request that the Court grant their Motion.

DATED: January 30, 2018 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　s/ L. Bruce McDaniel
　　　　　　　　　　　　　　　　　　　　　　　L. BRUCE McDANIEL (NC State Bar No. 5025)
　　　　　　　　　　　　　　　　　　　　　　　McDANIEL & ANDERSON, L.L.P.
　　　　　　　　　　　　　　　　　　　　　　　Lafayette Square
　　　　　　　　　　　　　　　　　　　　　　　4942 Windy Hill Drive
　　　　　　　　　　　　　　　　　　　　　　　Raleigh, NC 27609
　　　　　　　　　　　　　　　　　　　　　　　Telephone: 919/872-3000
　　　　　　　　　　　　　　　　　　　　　　　919/790-9273 (fax)
　　　　　　　　　　　　　　　　　　　　　　　mcdas@mcdas.com

　　　　　　　　　　　　　　　　　　　　　　　Local Counsel

　　　　　　　　　　　　　　　　　　　　　　　ROBBINS GELLER RUDMAN
　　　　　　　　　　　　　　　　　　　　　　　　 & DOWD LLP
　　　　　　　　　　　　　　　　　　　　　　　SAMUEL H. RUDMAN
　　　　　　　　　　　　　　　　　　　　　　　DAVID A. ROSENFELD
　　　　　　　　　　　　　　　　　　　　　　　VINCENT M. SERRA
　　　　　　　　　　　　　　　　　　　　　　　58 South Service Road, Suite 200
　　　　　　　　　　　　　　　　　　　　　　　Melville, NY 11747
　　　　　　　　　　　　　　　　　　　　　　　Telephone: 631/367-7100
　　　　　　　　　　　　　　　　　　　　　　　631/367-1173 (fax)
　　　　　　　　　　　　　　　　　　　　　　　srudman@rgrdlaw.com
　　　　　　　　　　　　　　　　　　　　　　　drosenfeld@rgrdlaw.com
　　　　　　　　　　　　　　　　　　　　　　　vserra@rgrdlaw.com

　　　　　　　　　　　　　　　　　　　　　　　[Proposed] Lead Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 30, 2018.

                                              s/ L. Bruce McDaniel
                                              L. BRUCE McDANIEL

                                              McDANIEL & ANDERSON, L.L.P.
                                              Lafayette Square
                                              4942 Windy Hill Drive
                                              Raleigh, NC  27609
                                              Telephone:  919/872-3000
                                              919/790-9273 (fax)

                                              E-mail: mcdas@mcdas.com

1360991_1

# Mailing Information for a Case 5:18-cv-00029-H Vaitkueviene v. Syneos Health Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Samuel Ranchor Harris , III**
  ranchorharris@gmail.com

- **L. Bruce McDaniel**
  mcdas@mcdas.com,kbwatt@mcdas.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`